IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **PROGISTIC CARRIERS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **ELEMENT TRANSPORTATION II, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Progistic Carriers, LLC files this Original Complaint, complaining of and about Element Transportation II, LLC ("Defendant"), and in support hereof would respectfully show the Court the following:

### I. INTRODUCTION

1. Plaintiff files this suit to seek relief from Defendants' actions in knowingly and willingly failing to comply with the terms of Plaintiff's confirmed Chapter 11 plan. Defendant then ignored Plaintiff's bankruptcy counsel's repeated requests to comply with the confirmed plan and to adjust its account records. Defendant's obstinate refusal to comply with Plaintiff's confirmed Chapter 11 plan is unconscionable and should not be tolerated.

### II. PARTIES

2. Progistic Carriers, LLC ("Plaintiff" or "Progistic") is a Texas limited liability company that operates a dry freight trucking company, and is the Debtor in *In re Progistic Carriers, LLC*, Case No. 19-70327, filed in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division.

3. Defendant Element Transportation, II LLC ("Element") is a Delaware limited liability company. Element does not maintain a registered agent in Texas, but may be served through its registered agent in Delaware, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.

### III. JURISDICTION, AUTHORITY, AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (Federal Question Jurisdiction), 28 U.S.C. § 1334, and 11 U.S.C. § 105.

5. This court has jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Plaintiff would show that Defendant had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

7. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

8. Venue is proper in this district because a substantial portion of the events giving rise to Plaintiff's claims occurred in this district and Plaintiff filed for bankruptcy protection in this district. Defendant wrongfully demanded payment in this district and Defendant regularly transacts business in this district.

### IV. FACTS

9. Plaintiff incorporates and re-alleges the allegations in the paragraphs above by this

reference.

10. Progistic is a dry freight company that was originally formed in July 2007.

11. On June 6, 2015, Progistic financed the purchase of a Peterbilt tractor (the "Tractor") in the amount of $148,515.24, which was secured by a lien held by Defendant Element. The Tractor was used by Progistic in connection with its business operations.

12. After years of operation, Progistic experienced a loss of cash flow due to a number of factors and was forced to file a Chapter 11 bankruptcy on August 16, 2019 to restructure various debts in order to continue operations.

13. On January 29, 2020, Progistic filed its Combined Chapter 11 Disclosure Statement and Plan of Reorganization. BK Docket No. 89. The Chapter 11 plan proposed to pay Element $18,952.29 by remitting monthly payments in the amount of $364.22 for sixty months with interest accruing on the unpaid balance at 5.75% per annum. *Id.*

14. On April 2, 2020, Defendant Element filed Proof of Claim 23-1 in the amount of $94.921.54. Exhibit 1.

15. On July 8, 2020, Progistic filed its First Amended Chapter 11 Plan. Exhibit 2. The amended plan proposed to pay Element $23,000 by remitting monthly payments in the amount of $426.18 for sixty months with interest accruing on the unpaid balance at 4.25% per annum. *Id* at p. 32 (discussing Class 12). The unsecured portion of Element's claim in the amount of $71,921.54 will be treated as a general unsecured claim, paid a 10% dividend over a sixty-month period with 0% interest on a *pro rata* basis over sixty months. *Id.*

16. On August 19, 2020, the Court entered an order approving Progistic's amended disclosure statement and confirming Progistic's first amended Chapter 11 plan. Exhibit 3. The confirmation order approved Progistic's proposal for payment of Element's claim with no

modifications. *Id.*

17. On September 23, 2020, the Court entered a final decree, which administratively closed Progistic's Chapter 11 case. Exhibit 4.

18. Progistic has made the monthly plan payments in accordance with the terms of its Chapter 11 plan each month.

19. However, Element has failed to abide by the terms of the confirmed Chapter 11 plan.

20. Plaintiff decided to sell the Tractor to a third-party in an attempt to raise funds to further satisfy Plaintiff's obligations under its Chapter 11 plan and negotiated a price for the Tractor with Border Truck Sale in February 2022.

21. Plaintiff then contacted Element to request a payoff. In response, Element sent Plaintiff a payoff statement dated March 2, 2022, which demanded $89,302.86 to payoff the balance of the Tractor. Exhibit 5.

22. On March 3, 2022, Plaintiff's bankruptcy counsel sent an email to Element's counsel to request a payoff of the Tractor. Exhibit 6.

23. On March 8, 2022, Plaintiff's bankruptcy counsel sent Element's counsel an email to explain that Element provided Progistic with an inaccurate payoff for the Tractor and advised that the claim was being treated under Progistic's confirmed Chapter 11 plan. *Id.*

24. In response to Plaintiff's bankruptcy counsel's email, Element's counsel responded that same day that she had contacted her client and requested a new payoff after reminding Element of the terms of the confirmed plan. *Id.*

25. On April 15, 2022, Element's counsel provided Plaintiff's bankruptcy counsel with an updated payoff amount. *Id.* While Element had attempted to adjust its payoff, it was still demanding $25,688.13 for the "Secured Portion of Proof of Claim." Exhibit 7.

26. On April 20, 2022, Plaintiff's bankruptcy's counsel responded to Element's counsel that the payoff was still overstated. Exhibit 6. Plaintiff's bankruptcy counsel provided Element's counsel with his calculations with respect to the payoff for the Tractor and asked Element's counsel for an updated payoff. *Id.*

27. On May 5, 2022, Element's counsel responded to Plaintiff's bankruptcy counsel, stating that she had requested an updated payoff and had provided Element with Plaintiff's bankruptcy counsel's calculations. *Id.*

28. On May 18, 2022, Plaintiff's bankruptcy counsel asked for an update on the payoff for the Tractor, and advised Element's counsel that Plaintiff was incurring damages due to its inability to obtain an accurate payoff. *Id.*

29. On May 25, 2022, Element's counsel advised Plaintiff's bankruptcy counsel that her representation of Element had ended. *Id.*

30. Element then sent Plaintiff a payoff dated May 26, 2022, which demanded $88,024.32 as the total due on the account. Exhibit 8.

31. In response, Plaintiff's bankruptcy counsel sent a letter to Element regarding its demand dated July 13, 2022. Exhibit 9. The letter clearly explains the plan provisions related to the account in question and requested that Element revise its payoff by July 22, 2022. *Id.*

32. Element did not respond to Plaintiff's bankruptcy counsel to correct the payoff demand. Upon information and belief, Element has not properly updated its account records to comply with the terms of Plaintiff's confirmed Chapter 11 plan.=

33. As a direct result of Plaintiff's inability to obtain an accurate payoff statement from Element, Plaintiff has not been able to sell the Tractor. Due to changes in the market that have occurred since Plaintiff negotiated the attempted sale last year, the market value of the Tractor has

fallen by approximately $25,000.

34. Plaintiff has been damaged by Element's illegal actions as described herein. Plaintiff has also been forced to incur attorneys' fees in an effort to redress Defendant's actions. Plaintiff was unable to sell the Tractor to the interested buyer, and Plaintiff can no longer sell the Tractor for such a favorable price due to changes in the market. Plaintiff has also incurred out-of-pocket expenses in an effort to redress Element's violations of Plaintiff's Chapter 11 plan and the order confirming the plan.

## V. CAUSES OF ACTION

### COUNT I
### (VIOLATION OF THE CHAPTER 11 PLAN AND ORDER CONFIRMING THE PLAN)

35. The allegations in the paragraphs above are realleged and incorporated herein by this reference.

36. 11 U.S.C. § 1141(a), Defendant is bound by the terms of Plaintiff's confirmed Chapter 11 plan. Further, the terms of Plaintiff's Chapter 11 plan and the order confirming the plan prohibit Defendant from taking any act to recover a pre-petition debt from Plaintiff.

37. By demanding that Plaintiff pay the full, pre-petition amount due and owing on the Tractor, Element violated Plaintiff's Chapter 11 plan and the order confirming the plan.

38. There is no fair ground of doubt that Element was and is aware of the Plaintiff's Chapter 11 bankruptcy and the treatment of its claim in the bankruptcy. Element participated in Plaintiff's Chapter 11 bankruptcy and received notice of both the order approving Plaintiff's Chapter 11 plan and the final decree. *See* BK Docket Nos. 179 and 192. Further, Plaintiff's bankruptcy counsel repeatedly informed Element, both directly and through its bankruptcy counsel, that its accounting for Plaintiff's loan did not comply with the confirmed Chapter 11 plan, but Element never corrected its accounting.

39. 11 U.S.C. § 105(a) grants power to the Court to remedy Element's violations of numerous sections of Chapter 11 of the Bankruptcy Code. Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code provisions, including the granting of sanctions for contempt, the granting of monetary relief for actual and statutory damages, punitive damages, attorneys' fees and costs, and the imposition of temporary and permanent injunctions.

40. Element's actions as described herein were willful violations of Plaintiff's confirmed Chapter 11 plan, the order confirming the plan, and the provisions of Chapter 11 of the Bankruptcy Code. Plaintiff has been damaged by Element's actions as described herein. Accordingly, Defendant should be sanctioned in an appropriate amount and made to pay Plaintiff's reasonable attorneys' fees for bringing this action.

## COUNT II
## (ATTORNEYS FEES)

41. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

42. Through the conduct described herein Defendant has inflicted actual damages upon Plaintiff by refusing to adjust its accounting to comply with the terms of the Plaintiff's confirmed Chapter 11 plan and the order confirming the plan, which prevented Plaintiff from being able to sell the Tractor on favorable terms.

43. Moreover, Plaintiff has been forced to retain legal counsel, who have incurred reasonable and necessary attorneys' fees on its behalf. Such fees are properly taxed against Defendant for its willful violations. The Court can award Plaintiff's attorneys' fees against Defendant pursuant to its inherent powers and 11 U.S.C. § 105(a).

## **PRAYER**

WHEREFORE, the Plaintiff having set forth its claims for relief against Defendants respectfully prays of the Court as follows:

a) Awarding Plaintiff actual damages, including attorneys' fees and costs to which Plaintiff is entitled;

b) Awarding Plaintiff other appropriate relief, including punitive damages and/or sanctions, and other such relief deemed appropriate by this Court;

c) Awarding such other relief as this Court may deem just and proper.

Respectfully Submitted

KELLET & BARTHOLOW PLLC

*/s/ Caitlyn N. Wells*
Karen L. Kellett
State Bar No. 11199520
Theodore O. Bartholow
State Bar No. 24062602
Caitlyn N. Wells
State Bar No. 240706635
Claude D. Smith
State Bar No. 24028778
11300 N. Central Expy., Ste. 301
Dallas Texas 75243
Tel. (214) 696-9000
Fax (214) 696-9001
caitlyn@kblawtx.com


LAW OFFICE OF ENRIQUE J. SOLANA
Enrique J. Solana
State Bar No. 24066114
914 E. Van Buren St.
Brownsville, TX 78520
Tel: (956) 544-2345
Fax: (956) 550-0641
enrique@solanapllc.com

*Attorneys For Plaintiff*